(98 App. Div. 177)

### HEASTY v. LAMBERT.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. SUBMISSION OF CONTROVERSY—DEFAULT AND FAILURE TO ARGUE.

A submission of controversy on agreed facts between the parties to a contract for sale of real estate, as to the validity of an assessment against it, will not be considered, defendant having made default and presented no argument, and the persons interested in enforcement and collection of the assessment not being made parties.

Submission of a controversy on an agreed statement of facts between Anna J. Heasty, plaintiff, and Frank Lambert, defendant. Dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles S. Taber, for plaintiff.
Charles C. Suffren, for defendant.

HIRSCHBERG, P. J. This purports to be the submission of a real controversy relating to the validity of a local assessment for the improvement of Coney Island avenue, in the borough of Brooklyn. The plaintiff, as the owner of certain real property on that avenue, contracted to sell it to the defendant, and he has refused to perform on the ground that the assessment constitutes an incumbrance. A decision is sought upon the question whether the title offered is free from the lien of the assessment, but we do not think we should determine the alleged issue, inasmuch as the defendant makes default by neither arguing the matter orally or by making and filing a printed brief. As the case is made up, there is room for but one conclusion, viz., that the assessment is without validity. The persons interested in its enforcement and collection, however, are not parties to the controversy; and no reason appears why the defendant, if he has nothing to urge against the title offered him, should not take the proffered deed, or submit to a default in an action prosecuted in the regular form. We do not think that the provisions of the Code of Civil Procedure relating to the submission of a controversy upon admitted facts contemplate the entry of a judgment by default, or upon the failure of one of the litigants to appear upon the trial to urge his side of the alleged dispute. The requirement of an affidavit that the controversy is in fact real would seem to be inconsistent with such a possible result. At all events, the court prefers to be assured by the presence and argument of the parties that the controversy presented is, indeed, genuine.

In view of the nature of the question herein presented involving rights and interests of others who are not before the court, and in view of the default of argument or brief on behalf of the defendant, we deem it proper to dismiss the submission, but without costs. All concur.